# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Vernard Hart, # 22184-171, | ) C/A No. 0:12-2481-JFA-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Peidmont Medical Center, and Doctor John Doe, | ) |
| Defendant. | ) |

This is a civil action filed *pro se*. Plaintiff, a citizen of the Rock Hill area of South Carolina, is currently housed in a federal prison in Florida as a result of a conviction and sentence entered by this court in *United States v. Hart*, Crim. No. 0:10-1074-MBS. Plaintiff has sued the Piedmont Medical Center and one of its physicians for alleged "medical indifference" under the Eighth Amendment to the United States Constitution. ECF No. 1, Compl. 2. His claim arises from treatment Plaintiff allegedly received for injuries caused by being hit by an automobile in 2002.

This is the second lawsuit filed by this Plaintiff in this court relating to this claim. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). When Plaintiff was a pretrial detainee in the York County Detention Center in December 2003, Plaintiff filed a similar complaint against Piedmont Medical Center only, but was unsuccessful when the court summarily dismissed his case without issuing service of process for the medical center. (*Hart v. Piedmont Med. Ctr.*, Civil Action No. 0:03-3803-JFA). In his current Complaint, Plaintiff's allegations are quite vague, but, in essence, they show that Plaintiff was not incarcerated at the time he was allegedly hit by a car and taken to Piedmont for medical care. At some point between October 2, 2002 (the alleged date of



injury) and December 30, 2003 (date of filing of Civil Action No. 0:03-cv-03803-JFA), Plaintiff did become incarcerated at the York County Detention Center; however, the allegations of improper medical care at Piedmont do not indicate that Plaintiff was required to go to that medical center by any corrections official. Instead, it appears that any residual physical problems that Plaintiff has had from his treatment for a broken pelvis and other injuries to his extremities at the Piedmont Medical Center had no connection to any jail or prison stay by Plaintiff either before or after the October 2002 accident.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003).

However, even when considered under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this court can ignore a clear failure in the


pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Here, the Complaint should be summarily dismissed for the same reason that Plaintiff's previously filed complaint against Piedmont Medical Center was dismissed in 2004: the allegations fail to show that this court has subject matter jurisdiction over the legal issues raised in the Complaint. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc.*, 425 F.2d at 1296.

## **DISCUSSION**

In order for this court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. This federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is so even when the parties "either overlook or elect not to press" the issue, *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011), or attempt to consent to a court's jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 398 (1975). Our obligation to examine our subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). Further, it is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N.*



*Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when he filed his Complaint and in light of the history of Plaintiff's litigation in this court, Plaintiff and both Defendants are residents of South Carolina.[1] Even though Plaintiff's allegations would

---

[1] Even though one Defendant (Piedmont Medical Center) is a corporate or business entity, it is still a "resident" of South Carolina as that term is legally understood. *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F.Supp. 667, 669 (D. S.C. 1964). Further, Plaintiff is also a South Carolina resident, despite his current location of incarceration in Florida, as it is well settled that "[a] prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he



probably be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy, this does not matter in this case because, in the absence of diversity of citizenship, the amount in controversy is irrelevant.²

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. Although Plaintiff used the phrases "medical indifference" and "cruel and unusual punishment" and cites to the eighth amendment of the United States Constitution, this court is not bound by such allegations, as district courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.").

Additionally, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, the most common provision under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must

---

had prior to incarceration." *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973).

²In any event, there are also various pre-filing procedures that are statutorily required before a person may file a medical malpractice claim against a medical provider in the state of South Carolina. *See* S.C. Code Ann. §§ 15-36-100; 15-79-120; 15-79-125.

5



allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). As noted, there are no allegations in Plaintiff's Complaint which attribute any of the Defendants' actions to state action; therefore, even though the Complaint contains allegations of constitutional rights violations by the two *private* Defendants without state action involved, such allegations fail to establish "federal question" jurisdiction in this case.

**RECOMMENDATION**

In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed .³ Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice. See Denton v. Hernandez*; *Neitzke v. Williams;*

---

³ Although generally not an issue for initial review, it is also noted that, in all probability, any effort by Plaintiff to re-plead his claims against the Defendants would be futile due to the running of the South Carolina three-year statute of limitations for medical malpractice actions, which is also the same statute of limitations used for a federal claim of medical indifference under § 1983. As early as December 2003, Plaintiff was aware of a potential claim against the Defendants, thus he is over 8 years late in filing this action under the most lenient interpretation of the facts. *See* S.C. Code Ann.§ 15-3-530.

6



*Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

      Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 20, 2012
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

